**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 6, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1450-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2019CM260**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

JEFFREY S. CLEMONS,

  DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Barron County: JAMES C. BABLER, Judge. *Affirmed*.

¶1    GILL, J.[1]  Jeffrey Clemons appeals a judgment of conviction entered after a bench trial at which he was found guilty of obstructing an officer in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

violation of a Barron County ordinance. Clemons argues that there was insufficient evidence to support the circuit court's finding that he obstructed an officer. We reject Clemons' arguments and affirm the judgment.

## BACKGROUND

¶2 Clemons went to the Barron County Sheriff's Department on June 5, 2019, to report that his former wife, Lindsey Lundequam, and her daughter, Johanna Survila, were following and chasing him in violation of a restraining order. Barron County Deputy Sheriff Jonathan Fick interviewed Clemons, Lundequam, and Survila at the sheriff's department the same day. The women said that Clemons had been following *them*, not the other way around. After Fick conducted his investigation, Lundequam and Survila were cited for obstructing an officer.

¶3 At the trial on the obstruction citation for Lundequam and Survila, Clemons changed the story he had given Fick about what occurred. Based on Clemons' changed account, the State dropped the charges against Lundequam and Survila.

¶4 The State then charged Clemons with misdemeanor obstructing an officer but later amended the charge to an ordinance violation. After hearing the evidence at Clemons' bench trial, the circuit court found Clemons guilty of obstructing an officer.

## DISCUSSION

¶5 When considering a challenge to the sufficiency of the evidence for conviction, this court's standard of review is highly deferential. The circuit court's findings of fact will not be set aside on appeal unless they are clearly

erroneous. WIS. STAT. § 805.17(2). "[T]he fact finder's determination and judgment will not be disturbed if more than one inference can be drawn from the evidence." *Jacobson v. American Tool Cos.*, 222 Wis. 2d 384, 389, 588 N.W.2d 67 (Ct. App. 1998). This court gives due regard "to the opportunity of the trial court to judge the credibility of the witnesses." Sec. 805.17(2). This court will not substitute its judgment for that of the circuit court "as to the credibility of disputed testimony in relation to historical or evidentiary facts." *State v. Echols*, 175 Wis. 2d 653, 671, 499 N.W.2d 631 (1993). "Such deference to the circuit court's credibility determination is appropriate because it has the opportunity to observe the witness' demeanor and gauge the testimony's persuasiveness." *Jacobson*, 222 Wis. 2d at 390.

¶6      The Barron County, Wis., Ordinance Failure to Obey Lawful Order sec. 36-31 provides that "[i]t is unlawful for any person to fail to obey the direction or order of a police officer while such police officer is acting in an official capacity in carrying out his [or her] duties." The Barron County Ordinance refers to WIS. STAT. § 946.41(1), the criminal statute prohibiting resisting or obstructing an officer, which provides that "whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority is guilty of a Class A misdemeanor." The elements of resisting or obstructing an officer are: (1) the person obstructed an officer, which means that the conduct of the person prevents or makes more difficult the performance of the officer's duties; (2) the officer was doing an act in an official capacity; (3) the officer was acting with lawful authority; and (4) the person knew that the officer was acting in an official capacity and with lawful authority and the person knew that his or her conduct would obstruct the officer. *See* WIS JI—CRIMINAL 1766 (2010).

¶7      Only Fick and Clemons testified during Clemons' bench trial.  Fick testified that Clemons came to the sheriff's department to report a restraining order violation.  Clemons told Fick that he purchased a motorcycle with three miles on the odometer at the Harley Davidson store in Eau Claire[2] and that Lundequam and Survila began following him sometime after he left the store.  Fick testified that Clemons said that he drove the motorcycle directly to the sheriff's department, with the exception of a small detour when he turned off on a side street.

¶8      Fick further testified that when he asked Clemons about the allegations to the contrary made by Lundequam and Survila, Clemons said he had independent corroboration of his story—the odometer reading on his new motorcycle.  Clemons showed Fick the odometer, which read fifty-six miles, consistent with Clemons' claim that he drove directly from Eau Claire to the sheriff's department.  Fick testified that based on the odometer reading, he believed that Clemons' statement was more credible than the statements given by Lundequam and Survila because they said that Clemons followed them over a greater distance on various roads, which would be physically impossible given Clemons' purchase of the motorcycle in Eau Claire and the mileage on the odometer.  Fick also testified that Clemons told him more than three times that he purchased the motorcycle in Eau Claire and drove it directly to the sheriff's department, and that the first time he heard Clemons tell a different story about what occurred was at Lundequam and Survila's trial.

---

[2] Fick testified that there is no Harley Davidson store in Eau Claire, but there is a store on the Eau Claire city border in Lake Hallie.

¶9 Clemons testified that he told Fick that he purchased the motorcycle from the Rice Lake Harley Davidson store and that he went to the home of a woman he was dating after he purchased the motorcycle because she was with him. He testified that they drove together to a barbeque and drove around a lake to Lynda's Boathouse, where he dropped the woman off because she worked there. Clemons stated that Lundequam and Survila began following him after he left Lynda's Boathouse so he drove to the sheriff's department to report the restraining order violation.

¶10 After hearing Clemons and Fick testify, the circuit court found Fick to be a more credible witness than Clemons. The court concluded that Clemons had provided false information to Fick when he reported the restraining order violation and that Lundequam and Survila would not have been charged had Clemons not provided the false information. The court concluded that Clemons obstructed Fick's initial investigation by lying about what had occurred.

¶11 The evidence presented, as summarized above, was sufficient to support the circuit court's determination that Clemons obstructed Fick's investigation. Clemons points to evidence that supports his version of what happened, but this court does not weigh opposing evidence when assessing the sufficiency of the evidence to support a judgment. *See Echols*, 175 Wis. 2d at 671. Clemons contends that the court erred when it found Fick's testimony to be more credible than his testimony. As we previously explained, the circuit court is best situated to judge the credibility of the witness testimony because "it has the opportunity to observe the witness' demeanor and gauge the testimony's persuasiveness." *Jacobson*, 222 Wis. 2d at 390. Ultimately, it was up to the court, as trier of fact, to decide whom to believe, and the court chose to believe Fick's account of what occurred. Again, this court will not substitute its judgment

for that of the circuit court "as to the credibility of disputed testimony in relation to historical or evidentiary facts." *Echols*, 175 Wis. 2d at 671.

¶12 Finally, Clemons contends that there is nothing in the record to support a finding that he *knew* his conduct would obstruct Fick's investigation. Intent is not generally susceptible to direct proof and, as such, the state of a person's mind "must be inferred from the acts and statements of the person, in view of the surrounding circumstances." *See Elmakias v. Wayda*, 228 Wis. 2d 312, 320, 596 N.W.2d 869 (Ct. App. 1999) (citation omitted). Fick's testimony that Clemons repeatedly gave him incorrect and misleading information provided sufficient evidence for the circuit court to infer that Clemons knew his conduct would obstruct Fick's investigation.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

6